# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0106V
(not to be published)

| | |
|---|---|
| WESLEY FASKE,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 12, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Administrative Time |

*Sean Franks Greenwood*, The Greenwood Law Firm, Houston, TX, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On January 31, 2020, Wesley Faske filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered to him on October 8, 2018. Petition at 1. On December 27, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 56.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 23, 2023 (ECF No. 61), requesting a total award of $29,983.20 (representing $29,312.20 in fees and $671.00 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 64. Respondent reacted to the motion on February 24, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 62. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests the following rates of compensation for the work of her attorney Sean Greenwood and his associates:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|
| Sean Greenwood | X | $363 | $400 | $425 | $498 | $498 |
| Kayleigh Smith | $215 | $225 | $250 | X | X | X |
| Janell Ochoa | X | X | X | $180 | $229 | $229 |
| Anna Carruth | X | X | X | $180 | X | X |

The rates requested for 2018-21 are consistent with what has been awarded these attorneys for work in the Vaccine Program in prior cases, and I shall therefore apply them herein.

For 2022, however, both Mr. Greenwood and Ms. Ochoa have been previously awarded rates of $470 and $200 per hour, respectively - less than what is requested herein. *See Carre v. Sec'y of Health & Human Servs.,* No. 20-1613, 2023 WL 264584 (Fed. Cl. Spec. Mstr. Mar. 27, 2023). I agree with the reasoning from these prior cases, and therefore reduce the requested rates to what has been previously awarded. Application of these rates results in a reduction of **$1,030.90**[3]. But the rates requested for 2023 are reasonable and shall be awarded herein.

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."

---

[3] This amount consists of ($498 - $470 = $28 x 7.30hrs = $204.40) + ($229 - $200 = $29 x 28.50hrs = $826.50) = $1,030.90.

*Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.7 hours was billed by paralegals on tasks considered administrative including correcting documents and paying invoices. These tasks include the following:

- April 15, 2020 (0.20hrs) "conference call to the US Court Clerk's office regarding motion to strike wrong documents";

- July 21, 2021 (0.10hrs) "Conference call to attempt to handle invoice for records from Kelsey Seybold" and

- August 17, 2021 (0.20hrs) "Created envelope, cover sheet, check for invoice and mailed out."

ECF No. 61-2 at 7 and 10.

Because the Program does not reimburse time devoted to such administrative tasks, I will reduce the amount of attorney fees awarded by **$261.50**.[4]

## ATTORNEY COSTS

Petitioner requests $671.00 in overall costs. ECF No. 61-2 at 16. This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$28,690.80** (representing $28,019.80 in fees and $671.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

---

[4] This amount consists of ($229 x .50hrs = $114.50) + ($150 x .20hrs = $30) + ($160 x 0.20hrs = $32) + ($170 x 0.50hrs = $85) = $261.50.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master